IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, | No. C-14-0126 MMC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; DIRECTIONS TO CLERK** |
| v. | |
| JOHN BERRYHILL, et al., | |
| Defendants. | |

Before the Court is plaintiff's complaint, filed January 9, 2014. By order filed January 21, 2014, plaintiff's application to proceed in forma pauperis was granted.[1] Where a plaintiff proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e), must dismiss the complaint if the court determines the complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Here, for the reasons stated below, the Court finds the complaint fails to state a claim, and, accordingly, will dismiss the complaint.

In his complaint, plaintiff alleges that the four defendants named therein deprived him of due process in violation of 42 U.S.C. § 1983. As the factual basis of his claim, plaintiff alleges he was "arrested for crimes of stalking and using computers to commit the crime of stalking," and the San Mateo District Attorney thereafter instituted criminal

---

[1] The above-titled action was reassigned to the undersigned on January 23, 2014.

proceedings against him (see Compl. ¶¶ 8-9); plaintiff also alleges that, pursuant to the county's "private defender program," he was initially appointed counsel, that the trial court subsequently granted his request to represent himself and "instructed" his previously appointed counsel to act as "standby counsel" (see Compl. ¶¶ 6-7, 9), after which, during the course of his criminal proceedings, he was "assigned" a "forensic expert" (see Compl. ¶ 5), and that he thereafter was convicted and judgment against him was entered on April 20, 2012 (see Compl. Attachment A, first page).

Plaintiff alleges his conviction was the result of each defendant's having failed to provide him with "due process."  (See Compl. ¶ 11.)  Specifically, plaintiff alleges, (1) defendant Tricia Povah ("Povah"), the district attorney assigned to the case, did "not releas[e] evidence" that was "exculpatory" in nature (see Compl. ¶¶ 10-11); (2) defendant Kevin Nowack ("Nowack"), the "standby counsel," "interfer[ed]" with plaintiff's "right to conduct his own hearing" by "redacting files," by "not providing exculpatory evidence," and by "convinc[ing] him to use bad case law" (see Compl. ¶ 11); (3) defendant Jon Berryhill ("Berryhill"), the "forensic expert," "did not cooperate with plaintiff nor provide complete files" and "refused" to provide "expert testimony" without being paid a "minimum $2500 retainer" (see Compl. ¶ 11, Attachment F); and (4) defendant Myra Weiher ("Weiher"), the "assistant chief defender in the private defender program," did not hold Berryhill "accountable" for his failure to "prove evidence was placed on [plaintiff's] computer" and for "severely redacting files" (see Compl. ¶ 11).

Because, as set forth above, plaintiff was convicted and his claims challenge the legitimacy of the conviction, the Court finds plaintiff's complaint fails to state a cognizable claim under § 1983.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding, where plaintiff seeks "damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," plaintiff cannot seek relief unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

1 issuance of a writ of habeas corpus, 28 U.S.C. § 2254"). Further, because plaintiff's
2 appeal from the conviction remains pending before the California Court of Appeal, see
3 Docket, People v Rodriguez, California Court of Appeal Case No. A134782,[2] plaintiff
4 cannot show his conviction has been reversed or otherwise has been set aside.

5     Plaintiff's § 1983 claim against Povah, which claim, as noted, is based on Povah's
6 alleged failure to provide plaintiff with exculpatory evidence, is subject to dismissal for the
7 additional reason that she is entitled to absolute immunity. See Broam v. Bogan, 320 F.3d
8 1023, 1030 (9th Cir. 2003) (holding prosecutor entitled to "absolute immunity" from claim
9 based on prosecutor's failure to "turn over exculpatory material").

10     Plaintiffs § 1983 claims against attorneys Nowack and Weiher, which claims, as
11 noted, are based on their alleged failure to properly assist plaintiff in presenting his case
12 and/or to oversee plaintiff's expert witness, are subject to dismissal for the additional
13 reason that defense attorneys are not subject to suit under § 1983 for actions taken in
14 connection with representing a criminal defendant. See Polk County v. Dodson, 454 U.S.
15 312, 324-25 (1981) (holding attorney cannot be sued under § 1983 for acts taken in
16 connection with providing legal representation to criminal defendant).

17     Lastly, plaintiff's § 1983 claim against Berryhill, which claim, as noted, is based on
18 his failure to provide certain types of expert services to plaintiff, is subject to dismissal for
19 the additional reason that Berryhill, a private party who is president of a computer forensics
20 company (see Compl. Attachment F), was not acting under color of state law. See Polk
21 County, 454 U.S. at 317-18 (holding defendant does not act under color of state law, and,
22 consequently, cannot be liable under § 1983, unless he was "exercising power possessed
23 by virtue of state law and made possible only because the [defendant] is clothed with the
24 authority of state law") (internal quotation and citation omitted).

---

26     [2]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial
27 notice of the official docket of the California Court of Appeal, available electronically at
http://appellatecases.courtinfo.ca.gov. According to the docket, plaintiff received a five-
28 year, four-month state prison sentence, and thereafter filed a notice of appeal, which
remains pending determination before the Court of Appeal.

In sum, the complaint is subject to dismissal in its entirety. Further, in light of the nature of the deficiencies identified above, the Court finds that affording plaintiff leave to amend would be futile. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (affirming order dismissing complaint without leave to amend, where "any amendment would be an exercise in futility").

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's complaint is hereby DISMISSED without leave to amend, and the Clerk is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: February 4, 2014

MAXINE M. CHESNEY
United States District Judge